UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LANDRYS L L C**                          **CASE NO. 2:25-CV-01175**

**VERSUS**                                 **JUDGE JAMES D. CAIN, JR.**

**CHUBB BERMUDA INSURANCE LTD ET AL**      **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is a Motion for Preliminary Injunction [doc. 18] filed by plaintiffs, with opposition from defendants. The motion is based on the same grounds as the Temporary Restraining Order [doc. 19] entered by this court on September 2, 2025. The matter came before the court for hearing on September 30, the date the TRO was set to expire, and the court now issues this ruling.

### I.
### INTRODUCTION

This suit arises from plaintiffs' efforts to obtain business interruption coverage for losses suffered by their hotels, casinos, and restaurants during the COVID-19 pandemic. Plaintiffs filed suit against their domestic insurers in the 14th Judicial District Court, Calcasieu Parish, Louisiana, in July 2020. Doc. 5, att. 2, ¶ 7. The case proceeded to trial in December 2024, resulting in settlement with these insurers in February 2025. Doc. 20, att. 1, p. 37. Meanwhile defendant, a citizen of Bermuda which had issued an excess policy to plaintiffs, was first added to the suit by supplemental and amending petition filed in January 2025. *Id.* at pp. 1–4. Before it was served properly under the Hague Convention, defendant

became aware of the amended petition and filed an application for interim Anti-Suit Injunction ("ASI") against plaintiffs in the High Court of England on the grounds that plaintiffs' suit fell within the scope of an arbitration agreement in defendant's policy.[1] Doc. 5, att. 2, ¶¶ 13–16. The English High Court granted the ASI, enjoining further action in the Louisiana proceedings, and plaintiffs consented to a briefing schedule. *Id.* at ¶¶ 17–22. In July 2025, the English High Court set a procedural timetable for a final hearing and noted that the ASI remained in effect pending further order. *Id.* at ¶¶ 23–25.

On August 13, 2025, plaintiffs submitted their application to set aside the ASI to the English High Court. *Id.* at ¶ 27. Two days later, plaintiffs filed an ex parte application for TRO and Permanent Injunction in the 14th Judicial District Court. *Id.* at ¶ 29. The motion was granted that day and the court set the request for permanent injunction for hearing on August 26, 2025. Doc. 17, att. 1. On August 15, however, defendant also removed the suit to federal court, invoking the subject matter jurisdiction set forth under the Federal Arbitration Act, 9 U.S.C. § 205. Doc. 1. It then filed a motion to dissolve or vacate the TRO, with request for expedited relief. Docs. 5, 6. The court set briefing deadlines. Doc. 9. Before the expiration of those deadlines, plaintiffs filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction. Doc. 18. Defendant also filed a motion to deny its previous motion to dissolve or vacate as moot, because the state court's

---

[1] The motion for leave to file the amending petition was filed on January 8 and granted on January 13, 2025. Doc. 5, att. 2, ¶¶ 10–12. Defendant states that it only became aware of the motion, and not the fact that it had been granted, on January 17, because the order granting the motion did not appear on the court's docket. *Id.* at ¶ 13. Defendant filed its application for interim ASI on January 30 and the English High Court granted same the following day. *Id.* at ¶¶ 16–17.

TRO had already expired by operation of law. Doc. 17. Plaintiffs did not oppose that motion.

The court granted plaintiffs' TRO on September 2 and set the request for preliminary injunction for hearing on September 16. Doc. 19. Before the hearing date, defendant filed a Motion to Dismiss and Motion to Stay. Doc. 21. Plaintiffs then filed a Motion to Remand [doc. 24] and Motion to Extend the TRO and Continue Hearing on Preliminary Injunction [doc. 26]. The court granted the requests, extending the TRO until September 30 and resetting the hearing for that date. Doc. 29. It also granted defendant's unopposed request to modify the TRO so that it might make certain filings with the English High Court. Doc. 31. The motion to remand is referred to the magistrate judge. Doc. 28.

## II.
## LAW & APPLICATION

To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits of its claims; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs the harm the injunction may do to the nonmovant; and (4) that granting the injunction will not disserve the public interest. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). "The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). The decision lies within the district court's discretion. *Allied Mktg. Grp., Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

As to the likelihood of success on the merits, the parties focus their arguments on the enforceability of defendant's arbitration agreement. But the court is not prepared to address the merits until jurisdictional questions are resolved. The jurisdictional questions are not fully briefed and have been referred to the magistrate judge for review, report, and recommendation. Accordingly, this court will assume for the sake of argument that the first factor is satisfied. This ruling should not be read as endorsing the merits of any party's arguments on arbitrability.

On the second factor, defendant notes that the risk of adverse rulings is insufficient to preclude an arbitration from going forward. *See, e.g.*, *U.S. Trinity Energy Servs., LLC v. Se. Directional Drilling, LLC*, 135 F.3d F.4th 303 (5th Cir. 2025); *FCE Ben. Adm'rs, Inc. v. Indep. Holding Co.*, 2021 WL 10332386 (N.D. Tex. Jan. 23, 2021); *YPF S.A. v. Apache Overseas, Inc.*, 2018 WL 1709567 (S.D. Tex. Jan. 25, 2018). It thus maintains that this is also insufficient to show irreparable harm. But plaintiffs' risk of harm also comes from losing the right to have arbitrability determined in the forum where they originally filed suit based on their arguments that arbitration agreements are unenforceable under Louisiana law. *See Waguespack v. Medtronic, Inc.*, 185 F.Supp.3d 916, 930 (M.D. La. 2016) (plaintiffs would suffer irreparable injury if defendant were allowed to prosecute suit in Minnesota, where non-compete clauses were likely enforceable under state law, rather that Louisiana, which has a stronger public policy restricting such agreements).

The threatened injury to the defendant, on the other hand, is less significant. For the time being, the court is only suspending proceedings while jurisdiction is decided under the motion to remand. It is plaintiffs who are making the claim for lost profits, not

defendant, and who will suffer more from a delay of this suit. The additional attorney fees defendant may incur through this jurisdictional dispute are also of less significance than plaintiffs' risk of losing access to the forum where they originally filed suit and where the applicable law may change the outcome on arbitrability. The public interests are not disserved by granting the injunction. Defendant obtained what it clearly views as a more favorable forum for deciding arbitrability by pursuing an ASI abroad before it could be properly served under the Hague Convention. The court is loath to reward these tactics at the expense of letting all jurisdictional questions be properly raised and resolved by the courts embracing the jurisdiction where this suit was originally filed and many of plaintiffs' losses were suffered.

      Finally, defendant argues that plaintiffs cannot meet the high bar for obtaining an international anti-suit injunction. A foreign anti-suit injunction requires special application of preliminary injunction rules, balancing the need to prevent oppressive or vexatious litigation and protect the court's jurisdiction against deference to principles of international comity. *MWK Recruiting Inc. v. Jowers*, 833 F. App'x 560, 562 (5th Cir. 2020) (citing *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 (5th Cir. 2003)). "An injunction against the prosecution of a foreign lawsuit may be appropriate when the foreign litigation would: (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's in rem or quasi in rem jurisdiction; or (4) cause prejudice or offend other equitable principles." *Id.* (citing *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 626 (5th Cir. 1996)).

Additionally, "notions of comity do not wholly dominate" the court's analysis. *Karaha Bodas Co., LLC*, 335 F.3d at 364.

The court finds cause for granting the injunction, at least until jurisdictional questions are resolved, under the fourth factor. Defendant admitted that it was aware at least of the proposed amended pleading and took advantage of that fact to obtain an ASI before it could be properly served, rather than letting the court resolve questions as to the proper forum. The terms of the ASI are themselves oppressive, requiring plaintiffs to litigate all issues in this matter abroad and threatening jail time for anything less than strict compliance.[2] *See* doc. 5, att. 2, ¶ 16. Allowing the later-filed suit to proceed in determining arbitrability during that time would cause substantial inconvenience, unnecessary expense, and duplication of efforts. Accordingly, the preliminary injunction will be granted.

---

[2] Defendant has already indicated its willingness to make use of this cudgel, sending a letter to plaintiffs' English solicitors in which it requested identification of the "persons representing the entities subject to the ASI who have provided instructions to you" after the filing of plaintiffs' TRO. Doc. 26, att. 1.

# III.
## Conclusion

For the reasons stated above, the court hereby **ORDERS** that the Motion for Preliminary Injunction [doc. 18] be **GRANTED** and that the terms set forth in the TRO [doc. 19], as modified [doc. 31], be **EXTENDED** pending a final ruling on the Motion to Remand [doc. 24]. If remand is denied, the parties will have the opportunity to submit additional briefing before the injunction is lifted. **IT IS FURTHER ORDERED** that the Motion to Deny as Moot [doc. 17] be **GRANTED** and that the Motion to Dissolve or Vacate [doc. 5] and Motion to Expedite [doc. 6] be **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Chambers on the 30th day of September, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**